⸻

●

## Ex Parte Rosa.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 22.—Resuelto en Diciembre 24, 1904.

Dominio.—Las propietarios que tuvieren escritura pública creditiva del dominio
de una finca á su favor, no pueden acogerse, para acreditar tal dominio, al
procedimiento ó información que establece el artículo 395 de la Ley Hipote-
caria para los que carecieren de título de dominio escrito.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el extinguido Tribunal del Distri-
to de Mayagüez por el abogado Mr. Herbert E. Smith, en re-
presentación de Doña Ana Rosa y Cintrón, sobre información
de dominio de una finca rústica, pendientes ante Nos á vir-
tud del recurso de apelación interpuesto por la representación
de la promovente contra la sentencia dictada por el referido
Tribunal de Distrito, la que copiada á la letra dice así:

"Magagüez, Enero one de mil novecientos cuatro.
*Resultando*: que este expediente fué promovido por el Letrado
Mr. Herbert E. Smith en representación de Doña Ana Rosa y Cin-
trón, viuda, mayor de edad, propietaria y vecina de esta Ciudad,
para acreditar el dominio de una finca rústica á pasto, con algún
café, maleza y una parte de cantera, compuesta de cuarenta cuer-
das de terreno, más ó menos, con una pequeña casa, de madera, en
mal estado, radicada en el barrio de Guanajibo, de este término mu-
nicipal y colinda por el Norte con terrenos de la Sucesión de Doña

Enma Velez, antes de Don Lopez Bayron y Don Francisco Torres; por el Este con terrenos de Celestino Olivencia, de Felix Cruz, de la Sucesión de Don Esteban Nadal, de Segundo Castillo y de Don Fernando Vazquez; por el Sud, terrenos de Don Juan Rosas, antes de Don Roque Nadal, y otros de Don Nicolas Caballero, y por el Oeste con terrenos de Don Juan Rosas, antes Don Lopez Bayron y con otros de la Sucesión Laborde, hallándose dividida por el rio hondo dicha finca, que la atraciesa de Oeste á Este; que sobre la finca descrita no pesa carga ni gravámen de ninguna especie; que tiene un valor de setecientos sesenta dollars con inclusión de la casa; que según la certificación del Tesorero acompañada aparece la finca con una cabida de cuarenta y tres cuerdas, pero que en realidad consta únicamente de las cuarenta que se han descrito; que hubo la repetida finca, treinta y dos y media cuerdas por compra (digo) herencia de su finado esposo, Don Juan Andrés Bosdonave, de quien fué declarada única y universal heredera, como se acredita con el testimonio de declaración que también se acompaña; y que á su vez Bordonave las adquirió por compra, veinte y cinco cuerdas más ó menos á Don Juan Ramón Muñiz, y siete y media á Don Domingo Rosas, y las siete y media restantes las hubo la promovente por compra á Don Francisco Silva, careciendo de título inscribible de dominio de la mencionada finca descrita.

*Resultando:* que admitida la información de conformidad con el Ministerio Fiscal por virtud del traslado conferídole, se publicaron edictos en dos diarios locales los que se insertaron por tres veces y término de sesenta días naturales, convocando á los que se creyesen con cualquier derecho real sobre dichos bienes, así como á las personas ignoradas á quienes pudiera perjudicar la inscripción solicitada, citándose los anteriores dueños del inmueble Don León Muñíz en su carácter de heredero único de su legítimo padre Don Ramón Muñiz, Doña Candelaria y Doña Dominga Rosa, en su carácter de herederas de Don Domingo Rosas, y Don Antonio Silva, como miembro de la Sucesión de Don Francisco Silva.

*Resultando:* que los testigos Emilio Derieux y Abraham, Don Segundo Castillo y Hernández y Don Ceferino del Rio y Rivera, á quienes certificó conocer el Secretario, declararon ser ciertos y constarles los hechos expuesto en el escrito de promoción, dando la razón de ciencia en sus dichos.

*Resultando:* que dentro del período de los sesenta días de la publicación de los edictos, compareció Don Juan Rosas oponiéndose á la aprobación del expediente por serle perjudicial, toda vez que es

acreedor del causante de la promovente Don Andrés Bordonave, proponiendo como prueba el escrito de tres de Diciembre de mil novecientos, presentado por Don Eduardo Bado, al Tribunal, solicitando justificar el dominio de esta finca, partida de matrimonio de Don Andrés Bordonave con Doña Ana Rosa, escritura de venta por Dominga Rosa á Bordonave, otra·por Juan Ramón Muñiz á dicho Bordonave, otra por Manuel Colón á Francisco Silva, otra por Manuel Feliciano al referido Bordonave, dictámen del Ministerio Fiscal en el que se opuso á la aprobación del dominio pretendido por Bado y del auto declarándolo sin lugar, y que se declarase así mismo, en su dia, sin lugar la aprobación del dominio· solicitado por la promovente Sra. Rosa, por existir título de dominio escrito y contrario por tanto á lo dispuesto en el artículo 395 de la Ley Hipotecaria.

*Resultando*: que tenido por opuesto Don Juan Rosa, á la tramitación del expediente, y dada vista á las otras partes de dicha oposición, para hacer las alegaciones oportunas en su caso, practicándose la prueba propuesta con citación contraria y trayéndose á los autos la certificación interesada acerca de los particulares consignados en el anterior resultando, la cual fué acompañada, y contestada la oposición·por el Letrado representante de la promovente, en la que mostró su inconformidad, proponiendo como·prueba testimonios de las certificaciones de la Alcaldia de esta Ciudad y Registrador de la Propiedad de la misma, obrantes en el expediente instruido por Don Eduardo Bado, testimonio ó certificación de la sentencia dictada por el Juez Municipal de esta Ciudad, en el juicio verbal civil seguido por Don Juan Rosas contra Doña Ana Rosas, en cobro de pesos, cuyos documentos fueron acompañados é insertados en una sola certificación y además que compareciera el Don Juan Rosas á declarar bajo juramento indecisorio, por los extremos que fuere interrogado, practicándose la prueba con citación del Ministerio Fiscal y que se declarase sin lugar la oposición.

*Resultando:* que admitida esa prueba con citación contraria y citado para declarar Don Juan Rosas, lo verificó en el dia y hora que se le señaló, é interrogado por el letrado Mr. Herbert E. Smith, dijo, que vive en el barrio de Guanagibo de esta Ciudad y conoce á Doña Ana Rosas, que es su tia, la cual vive cerca de él y que los terrenos de Bordonave colindan con los de él: que éste falleció y fué casado con la Señora Rosas de cuyo matrimonio no hubo descendencia: que el citado Bordonave poseia en dicho barrio como de veinte y nueve á treinta cuerdas de terreno no constándole que Doña Ana poseyera terrenos en el· expresado sitio: que es verdad que tiene presentada

escritura en que consta que Doña Ana Rosas posée siete cuerdas y media en el barrio de Guanagibo pero que dicho terreno fué vendido á Don Andres por Domingo Rosas segun explica la escritura, de la que ignora su fecha y la cual consta en autos: que la venta se efectuó en las condiciones estipuladas en la escritura acompañada en autos: que Domingo Rosas no ha vendido al declarante siete y media cuerdas de terreno á que se refiere la pregunta: que las siete y media cuerdas que posée actualmente como dueño el declarante las adquirió por compra á Don José Lopez Bayron; que ignora si dichas siete y media cuerdas formaban parte de las veinte y dos y media vendidas á los menores Rosas por los hermanos Velez: que los terrenos que fueron de Bordonave los posée actualmente la viuda ignorando el tiempo que los poseyera el finado: que no sabe si las colindancias de que tratan las escrituras son exactas actualmente: que no sabe si Bordonave ó su viuda han enagenado partes de esas tierras posteriormente al otorgamiento de las escrituras las cuales ha leido pero que no recuerda el texto de las mismas: que no es cierto que Doña Ana pagara contribuciones por la finca, sino el dicente hasta la fecha por un número de veinte y nueve á treinta cuerdas; que hasta hace dos ó tres años las tierras de Bordonave estuvieron declaradas á su nombre en el número de veinte y nueve, agrupándolas posteriormente con la suya haciendo un total de cuarenta que declaró á su nombre pagando las contribuciones por todas ellas; que dicha agrupación la verificó porque Bordonave le nombró su representante invoce ante testigos los cuales se relacionan en el acta referente á este déclaración y varios de ellos colindantes, y que es verdad que ha demandado á Doña Ana Rosa ante el Juzgado Municipal en cobro de pesos que le debiera Bordonave: que solo ha demandado una vez á la Sra. Rosa por el asunto á que se refiere, aunque otra vez la demandó no teniendo nada que ver aquella reclamación con esta: que no sabe el resultado de la primera, no recordando sobre que versó y que la última demanda está en apelación ante esta Corte, interpuesta por el declarante, y que funda su oposición á este expediente por diferentes créditos que tiene el declarante contra la Sucesión Bordonave, según pruebas documentales y testificales, que aportó al último de dichos juicios y que la acción que ejercitó en el primero no la fundó en los mismos documentos base de la última.

*Resultando:* que oido el Ministerio Fiscal, éste no vé inconveniente en que el Tribunal dicte el auto interesado, y en cuanto á la oposición formulada entiende que debe desestimarse por no aparecer el opositor comprendido dentro de las personas que abarca el artículo 395 en

su caso 2º. pues no solo no es condueño de la finca sino que por su propia confesión no tiene derecho real alguno sobre la misma, creyendo dicho Ministerio que más bien le favorece, que perjudicarle, la inscripción del dominio de ella, pues así quedaria en mejores condiciones para ejercitar su derecho contra los bienes de la Sucesión.

*Resultando:* que en la tramitación de este expediente se han observado las formalidades prevenidas por la Ley.

*Considerando:* que de las pruebas practicadas aparece justificado que dicho expediente promovido por Doña Ana Rosa y Cintrón, ha sido anteriormente resuelto respecto á su aprobación en sentido negativo.

*Considerando:* que no es lícito á nadie ir contra resoluciones de los Tribunales, y las cuales resoluciones hayan adquirido el carácter de cosas juzgadas.

*Considerando:* que si el fallo que recayera en este expediente modificara el anterior, dado por este mismo Tribunal, dicho fallo infringiría de un modo manifiesto el carácter firme é invariable que adorna á todo fallo resolutorio de un juicio y que consentido por las partes, dá á la cosa litigiosa el carácter de cosa juzgada.

*Considerando:* además, lo dispuesto en el artículo 395 de la Ley Hipotecaria vigente. Se declara no haber lugar á declarar justificado el dominio que pretende Doña Ana Rosa Cintrón. Lo acordaron y firman los Señores de la Sala y certifico. Arturo Aponte, J. A. Erwin, Enrique González Darder.—Juan Arroyo Mestre.

Abogados del apelante: *Sres. Smith y Hernández Usera.*

Abogado del Pueblo: *Sr. Rossy, Fiscal.*

El Juez Presidente Sr. Quiñones, despúes de exponer los hechos anteriores, emitió la opinión del Tribunal.

Aceptando los fundamentos de hecho de la sentencia apelada.

*Considerando:* que el artículo 395 de la Ley Hipotecaria de esta Isla solo autoriza, para justificar la propiedad de los bienes inmuebles, por el medio supletorio de la información judicial, á los propietarios que carecieren de títulos escritos de dominio, y no encontrándose en este caso la promovente Doña Ana Rosa Cintrón, que según resulta de autos tiene á su disposición las escrituras de propiedad de su difunto esposo y causante Don Andres Bordonave, sobre parte de los terrenos que son objeto de la presente información, no procede dictar el auto de aprobación que se pretende.

Visto el artículo citado de la Ley Hipotecaria vigente en esta Isla.

*Fallamos* que debemos confirmar y confirmamos la sentencia apelada, declarando no haber lugar á aprobar la información judicial de dominio promovida por Doña Ana Rosa Cintrón, á quien condenamos en las costas.

Jueces concurrentes: Sres. Hernandez, Figueras, Mac-Leary y Wolf.